IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **KEYLA EXFORD,** *et al.*, | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
|    v. | )    Case No. 3:17-cv-340-WKW-DAB |
| | ) |
| **KC ECONOMIC DEVELOPMENT, LLC,** *et al.*, | ) |
| | ) |
|    **Defendants,** | ) |
| | ) |

**REPORT and RECOMMENDATION**

Plaintiffs in this action, on behalf of themselves and others, seek to enforce a prior judgment of this Court that they received against MC Greyhound Park (Case No. 3:10cv895). (Doc. 1 at ¶¶ 5-7). Relying on federal common law, Plaintiffs here sue KC Economic Development, LLC ("KCED") and Milton E. McGregor, the sole member of KCED, as successors and alter egos of Macon County Greyhound Park, Inc. ("MCGP"). (Doc. 1 at 7). The Court issued an Order to Show Cause regarding the basis of the Court's jurisdiction (Doc. 7), and Defendants moved to dismiss for lack of jurisdiction and failure to state a claim. (Docs. 11, 14). The matters have been fully briefed and argued before this Court. (Doc. 24).

This case requires harmonization of two somewhat conflicting principles of federal court jurisdiction where a prior federal judgment is involved. Axiomatically,

federal courts possess limited jurisdiction, and it is incumbent on those seeking to invoke the power of the federal courts to establish a basis for jurisdiction.

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause of action lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Plaintiffs rely on cases applying federal common law with respect to enforcement of certain judgments based on federal labor laws. (Doc. 11 at 2-5). Defendants point to Supreme Court and Circuit cases strictly limiting the scope of ancillary jurisdiction regarding enforcement of prior judgments generally. (Doc. 18 at 4ff).

In their Complaint, the Plaintiffs allege that they are owners of a Judgment in the amount of $2,734,851.63 entered by the Court on July 22, 2014 (herein "the WARN Act Judgment"), in proceedings in the *Judy Weekes-Walker, et al. vs. Macon County Greyhound Park, Inc. a/k/a VictoryLand,* Case No. 3:10-CV-895 (herein "the WARN Act case"). (Doc. 1 at ¶ 1). They rely on federal common law of successor liability (as applied in labor law cases) to enforce that Judgment against the two Defendants named here. *Id.* at ¶ 4. They allege in essence that McGregor, as controlling shareholder of MCGP and sole member of KCED, continued the business of MCGP so as to subject KCED and himself to liability as successors and

alter egos of MCGP, making them liable for the prior judgment. *Id.* at ¶¶ 23-24. In support, Plaintiffs cite a recent (unpublished) opinion of the Eleventh Circuit.

> Although this court does not appear to have applied the federal-common-law standard in FLSA actions, it and the Supreme Court have consistently applied it under other federal labor laws. For example, following its recognition in *John Wiley & Sons, Inc. v. Livingston,* 376 U.S. 543, 548, 84 S. Ct. 909, 11 L. Ed. 2d 898 (1964), of successor liability under the Labor Management Relations Act, the Supreme Court in Golden State Bottling Co. v. National Labor Relations Board recognized successor liability under the National Labor Relations Act, explaining "the labor-law doctrine of successorship" was not as narrowly construed as the rule of corporate liability (which restricts successor liability to: explicit assumption by the acquirer, an acquirer who is "merely a continuation" of the predecessor, and transactions "entered into to escape liability"). 414 U.S. 168, 176-87, 182 n.5, 94 S. Ct. 414, 38 L. Ed. 2d 388 (1973); see also *Walling v. James V. Reuter, Inc.,* 321 U.S. 671, 674-75, 64 S. Ct. 826, 88 L. Ed. 1001 (1944) (applying successor liability in a FLSA injunctive-relief action). Other circuits have followed suit. See, e.g., *Teed,* 711 F.3d at 764-65 (collecting cases); *Steinbach v. Hubbard*, 51 F.3d 843, 845-48 (9th Cir. 1995); see also *Cuervo v. Airport Servs., Inc.,* 984 F. Supp. 2d 1333, 1337-39 (S.D. Fla. 2013) (collecting cases and, predicting the Eleventh Circuit would agree, applying the federal-common-law standard).

*Hatfield v. A+ Nursetemps, Inc.,* 651 F. App'x 901, 906 (11th Cir. 2016).

Contrasting with this recognition of the power of the Court to allow a judgment creditor to pursue possible remedies against additional parties in labor cases stands a clear precedent limiting general use of ancillary jurisdiction to allow enforcement of judgments against non-parties to the underlying litigation.

> "[A]ncillary jurisdiction typically involves claims by a defending party haled into court against his will, or by another person whose rights might be irretrievably lost unless he could assert them in an ongoing action in a federal court." *Owen Equipment & Erection Co. v. Kroger,*

3

> 437 U.S. 365, 376, 98 S.Ct. 2396, 2404, 57 L.Ed.2d 274 (1978). Ancillary jurisdiction may extend to claims having a factual and logical dependence on "the primary lawsuit," *ibid.,* but that primary lawsuit must contain an independent basis for federal jurisdiction. The court must have jurisdiction over a case or controversy before it may assert jurisdiction over ancillary claims. See *Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). In a subsequent lawsuit involving claims with no independent basis for jurisdiction, a federal court lacks the threshold jurisdictional power that exists when ancillary claims are asserted in the same proceeding as the claims conferring federal jurisdiction. See *Kokkonen, supra*, at 380–381, 114 S.Ct., at 1677; *H.C. Cook Co. v. Beecher,* 217 U.S. 497, 498–499, 30 S.Ct. 601, 601–602, 54 L.Ed. 855 (1910). Consequently, claims alleged to be factually interdependent with and, hence, ancillary to claims brought in an earlier federal lawsuit will not support federal jurisdiction over a subsequent lawsuit. The basis of the doctrine of ancillary jurisdiction is the practical need "to protect legal rights or effectively to resolve an entire, logically entwined lawsuit." *Kroger,* 437 U.S., at 377, 98 S.Ct., at 2404. But once judgment was entered in the original ERISA suit, the ability to resolve simultaneously factually intertwined issues vanished. As in Kroger, "neither the convenience of litigants nor considerations of judicial economy" can justify the extension of ancillary jurisdiction over Thomas' claims in this subsequent proceeding. *Ibid.*

*Peacock v. Thomas,* 516 U.S. 349, 355, 116 S. Ct. 862, 867, 133 L. Ed. 2d 817 (1996).

Reading these lines of cases together, the Court concludes that, although in other kinds of cases, there would be no independent basis for exercise of jurisdiction, solicitude for protection of workers' rights expressed in the WARN Act and other labor laws has created a federal common law standard for enforcement of prior judgments in such cases and hence jurisdiction for this Court to hear Plaintiffs' claims. Accordingly, the Order to Show Cause (Doc. 7) is hereby **DISCHARGED**

and it is the recommendation of the undersigned that Defendants' Motion to Dismiss for Lack of Jurisdiction (Doc. 11) be **DENIED.**

McGregor has also filed a motion (Doc. 14) to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Fed. R. Civ. P. For present purposes, suffice it to say that Plaintiffs have sufficiently alleged that McGregor's history of control and operation of the businesses presents a basis for him potentially to be held personally liable for the Judgment. Accordingly, this motion should also be **DENIED.**

It is **ORDERED** that the parties shall file any objections to this Recommendation on or before **December 14, 2017**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v.*

*Wainwright,* 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.,* 667 F.2d 33 (11th Cir. 1982).

**Respectfully recommended,** this 30th day of November, 2017.

*/s/ David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE