IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| KEYLA EXFORD, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:17-CV-340-WKW |
| | ) | [WO] |
| KC ECONOMIC DEVELOPMENT | ) | |
| LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs brought this action to enforce a class-action judgment entered by this court in an earlier action, *Weekes-Walker v. Macon County Greyhound Park, Inc.*, 3:10-CV-895-WKW, which was brought under the Worker Adjustment and Retraining Notification Act, 29 U. S. C. §§ 2101–2109, also known as the WARN Act. But Plaintiffs did not bring the present action against the defendant in that earlier action, Macon County Greyhound Park, Inc. (MCGP). Instead, they brought it against Defendants KC Economic Development LLC (KCED) and Milton McGregor in an effort to enforce the WARN Act judgment against them as successors in interest to MCGP.

On November 30, 2017, the Magistrate Judge filed a Recommendation (Doc. # 25) that Defendants' motion to dismiss for lack of subject-matter jurisdiction

pursuant Rule 12(b)(1) of the Federal Rules of Civil Procedure (Doc. # 11) and Mr. McGregor's motion to dismiss for failure to state a claim against him upon which relief can be granted pursuant to Rule 12(b)(6) (Doc. # 14) be denied. In doing so, the Magistrate Judge also discharged an earlier order (Doc. # 7) that Plaintiffs show cause why this action should not be dismissed for lack of subject-matter jurisdiction. Defendants timely filed objections (Doc. # 26), to which Plaintiffs responded (Doc. # 27).

Because Plaintiffs have not shown that this court has subject-matter jurisdiction, Defendants' objections are due to be sustained, the Recommendation is due to be rejected, Defendants' Rule 12(b)(1) motion to dismiss is due to be granted, Mr. McGregor's Rule 12(b)(6) motion to dismiss is due to be denied as moot, and this case is due to be dismissed.

## I. BACKGROUND

Plaintiffs' complaint (Doc. # 1) asserts that this court has subject-matter jurisdiction in this action — which, again, seeks to enforce a prior federal-court judgment in a labor law case — under 28 U.S.C. § 1331 based on the federal common law doctrine of successor liability in the area of federal employment law recognized by the Eleventh Circuit in *Hatfield v. A+ Nursetemps, Inc.* 651 F. App'x 901 (11th Cir. 2016). The *Hatfield* court held that "'successor liability is appropriate in suits to enforce federal labor or employment laws' to prohibit employers who

violated those laws from avoiding liability by selling, or otherwise disposing of, their assets and dissolving, and the acquirer likewise does not assume liability in its purchase." *Id.* at 906 (quoting *Teed v. Thomas & Betts Power Sols., L.L.C.*, 711 F.3d 763, 766 (7th Cir. 2013)).

The Magistrate Judge ordered Plaintiffs to show cause "why this matter should not be dismissed for lack of subject matter jurisdiction" in light of *Peacock v. Thomas*, 516 U. S. 349 (1996). (Doc. # 7.) In *Peacock*, the U. S. Supreme Court held that federal courts do not "possess ancillary jurisdiction over new actions in which a federal judgment creditor seeks to impose liability for a money judgment on a person not otherwise liable for the judgment." 516 U. S. at 351. Plaintiffs responded by citing *Hatfield* again, as well as *Teed v. Thomas & Betts Power Sols., L.L.C.*, 711 F.3d 763, in which the Seventh Circuit reached a similar conclusion to the one reached by the Eleventh Circuit in *Hatfield*.

Defendants followed the Magistrate Judge's lead and jointly filed a motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (Doc. # 11.) Defendants' motion primarily relies on *Peacock* and *Ellis v. All Steel Construction Inc.*, 389 F.3d 1031 (10th Cir. 2004), in which the Tenth Circuit applied *Peacock*. Mr. McGregor also filed a motion to dismiss for failure to state a claim against him upon which relief can be granted pursuant to Rule 12(b)(6). (Doc. # 14.)

3

Plaintiffs filed responses to the motions. (Docs. # 18, 19.) Defendants jointly filed a reply to Plaintiffs' response to the Rule 12(b)(1) motion (Doc. # 20), and Mr. McGregor filed a reply to Plaintiffs' response to the Rule 12(b)(6) motion (Doc. # 21).

On November 30, 2017, the Magistrate Judge discharged the show-cause order and filed a Recommendation (Doc. # 15) that the Rule 12(b)(1) and the Rule 12(b)(6) motion each be denied. Defendants timely objected to the Recommendation (Doc. # 26), and Plaintiffs responded to Defendants' objections (Doc. # 27).

## II. DISCUSSION

As Defendants note in their objections (Doc. # 26, at 4–5), Plaintiffs appear to have overlooked the procedural posture of the *Hatfield* litigation at the time the Eleventh Circuit issued its unpublished opinion. The *Hatfield* plaintiffs obtained a judgment against the *Hatfield* defendant, just as Plaintiffs obtained a judgment against MCGP. But unlike Plaintiffs, the *Hatfield* plaintiffs did not bring a new action to enforce that judgment against the *Hatfield* defendant's successors in interest. Instead, they moved — in the original action — to implead the successors in interest pursuant Rule 69 of the Federal Rules of Procedure, a motion the district court granted. *Hatfield*, 651 F. App'x at 903.

So while *Hatfield* supports Plaintiffs' assertion that Defendants may be held liable for the judgment against MCGP, *Hatfield* offers no support for Plaintiffs' assertion that this court has subject-matter jurisdiction over a separate action that seeks to enforce a judgment from another action against Defendants. Several of the other cases Plaintiffs cite in addition to *Hatfield* are similarly distinguishable in that there was an independent basis for federal subject-matter jurisdiction. *See Golden State Bottling Co. v. NLRB*, 414 U.S. 168, 170–173 (1973); *Teed*, 711 F.3d at 764; *Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1033 (7th Cir. 2000); *Curevo v. Airport Servs., Inc.*, 984 F. Supp. 2d 1333, 1335–36 (S.D. Fla. 2013); *Bagwell v. Peachtree Doors & Windows, Inc.*, No. 2:08-CV-191-RWS-SSC, 2011 WL 1497831, at *1 (N.D. Ga. Feb. 8, 2011).

Admittedly, Plaintiffs have also cited a few cases that allowed a freestanding action for a claim against a successor in interest. But the courts in those cases did not directly address subject-matter jurisdiction, much less explain why *Peacock* did not apply. *See Einhorn v. M.L. Ruberton Constr. Co.*, 632 F.3d 89 (3d Cir. 2011); *Chi. Truck Drivers, Helpers & Warehouse Workers Union (Indep.) Pension Fund v. Tasemkin, Inc.*, 59 F.3d 48 (7th Cir. 1995). Those cases thus merely imply that a federal court has subject-matter jurisdiction in the situation presented in this case. Such an implication is not particularly persuasive, especially when compared to the explicit holdings to the contrary in *Peacock* and *Ellis*.

In short, Plaintiffs have failed to carry their burden of establishing that this court has subject-matter jurisdiction over this new action to enforce a judgment from a separate case. Whether Plaintiffs are able to file a Rule 69 motion in that case is a question not before the court.

### III. CONCLUSION

Accordingly, upon an independent and *de novo* review of the record and the Recommendation, it is ORDERED as follows:

1. Defendants' objections (Doc. # 26) are SUSTAINED;

2. The Magistrate Judge's Recommendation (Doc. # 25) is REJECTED;

3. Defendants' Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. # 11) is GRANTED;

4. Defendant McGregor's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim upon Which Relief Can Be Granted (Doc. # 14) is DENIED AS MOOT;

5. This case is DISMISSED WITHOUT PREJUDICE.

A final judgment will be issued separately.

DONE this 30th day of March, 2018.

                                          /s/ W. Keith Watkins
                                CHIEF UNITED STATES DISTRICT JUDGE